160

SUDIA, APPELLEE, *v.* [THE HILL CORP.]* AND DIETRICH, APPELLANT.

(No. 39468—Decided May 18, 1966.)

---

*The defendant, The Hill Corporation, was not a party to the appeal in this court, which overruled Sudia's motion to certify the record for a cross-appeal from the judgment of the Court of Appeals as to Hill, 38 Ohio Bar 700.

*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe, Mr. Rice A. Hershey* and *Mr. John L. Wolfe,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress* and *Mr. John M. Ulman,* for appellant.

SCHNEIDER, J. The principal issues presented are whether a trial court may, on its own motion, direct a jury to return a special verdict and whether it is error for a trial judge to direct a special verdict without giving notice of his intention so to do in order that counsel may prepare and deliver arguments accordingly.

Section 2315.12, Revised Code, reads:

"The verdict of a jury must be either general or special.

"Unless otherwise directed by the court, a jury shall render a general verdict."

Section 2315.15, Revised Code, provides:

"If requested by either party before the giving of any special charge and before argument to the jury, the court shall submit in writing each determinative issue to be tried by the jury and direct the jury to render a special verdict in writing."

Appellee argues that Section 2315.15, Revised Code, limits Section 2315.12, Revised Code, so that the trial court can direct a special verdict *only* "if requested by either party." However, Section 2315.12, Revised Code, is clear on its face and its meaning does not depend on Section 2315.15, Revised Code. Therefore, the assistance of rules of construction is not required. *Swetland* v. *Miles*, 101 Ohio St. 501; 50 Ohio Jurisprudence 2d, 149, Statutes, Section 174. If the General Assembly had intended to provide for a special verdict *only* "if requested by either party," it could, and should, have added those words to the former section. For this court to adopt the construction now urged would require us to append that phrase to the statute.

These sections are explicit in conferring upon a trial court discretionary authority to direct a special verdict on its own motion and the duty to order a special verdict if requested by a party. The Court of Appeals arrived at the same conclusion but decided further that "a trial judge may not * * * determine to submit a special verdict and announce such fact after the oral argument, as was done in the instant case."

We agree, although we are well aware that Section 2315.15, Revised Code, formerly read:

"When requested by either party, the court shall submit in writing each determinative issue to be tried by the jury and direct the jury to give a special verdict."

In 1961, the statute was amended to require that a request for a special verdict must be made "before the giving of any special charge and before argument to the jury." No such limitation was added to Section 2315.12, Revised Code. Clearly, the General Assembly intended that the trial court be given notice of a request for a special verdict in time to formulate the issues to be submitted, and that opposing counsel be given the opportunity to compose an argument appropriate to the special verdict to be used.

An excellent discussion of appropriate conduct of counsel toward the trial judge and of appropriate argument in this

situation is to be found at pages 682 and 684 of the handbook, "Personal Injury Litigation in Ohio," published by the Ohio Legal Center Institute and the Negligence Law Committee of the Ohio State Bar Association:

"Section 39.07 * * *

"It is self-evident that a trial judge will not appreciate being surprised with a request to prepare and submit a special verdict form when that request is made following the conclusion of the evidence and before the submission of special instructions. Good practice requires counsel requesting the use of the special verdict to draft the verdict and submit it to the court well in advance of the statutory deadline. It would be best if the form of verdict were submitted to the court in sufficient time to permit an evening of study and consideration. This affords him the opportunity to make any modifications in his planned charge to the jury."

"Section 39.11 Argument.

"One of the advantages of the special verdict is that it simplifies the final argument as well as the court's charge to the jury. The form of the special verdict is the essence of each, and the lawyers can build their arguments on this case just as the court can develop his charge from the same base. It is not only a natural outline but a necessary outline because the lawyer must consider and argue the exact questions which the jury is required to answer in the special verdict. One very simple and very clear method of conducting the argument is to read each question which is set out in the special verdict form in the order of appearance there and to review the evidence bearing on the question and the reasons for supporting an answer favorable to the proponent's side.

"The engrained habit of asking the jury to return a verdict for the plaintiff or for the defendant can sometimes interfere with the use of the special verdict, and care must be used to avoid such a lapse of memory because the practice is improper and will be objected to by the other party. References to a verdict for the plaintiff or the defendant will only serve to confuse the jurors."

Although in this case the arguments were not reproduced in the record before us, it is apparent that they were predicated on the assumption that a general verdict would be rendered.

164

This necessarily produced confusion in the minds of the jury and unnecessarily embarrassed all counsel.

The failure of the General Assembly to delimit Section 2315.12, Revised Code, in a manner similar to Section 2315.15, Revised Code, is not to be interpreted as a grant of unlimited discretion to the trial court nor does it prevent the Court of Appeals or this court in the exercise of their respective powers of review to insist that the scope of the discretion thus granted be confined to fair bounds.

Therefore, we are constrained, as was the Court of Appeals, to disapprove, as a matter of common practice and ordinary courtesy, the undertaking, *sua sponte*, by the trial judge in this case, on a substantial phase of the litigation without consultation with counsel and especially over the objections of counsel on all sides of the issue. Such conduct, in general, tends to weaken the relationship between judge and counsel which is an essential attribute of a court and, in this case, constituted error prejudicial to the plaintiff.

A general objection was recorded by all parties, from which the appellant here, having received a favorable verdict, necessarily withdraws, and it was unnecessary to request further arguments directed to the special verdict. Not only would confusion have been compounded if such a request had been granted, but the purpose of the special verdict, whether laudable or not, had already been destroyed by the arguments based on a general verdict to the same extent as if the court had given a general charge prior to the special verdict. See *Smith* v. *Capital Finance Co.*, 169 Ohio St. 11.

The Court of Appeals found no other errors prejudicial to Sudia and indulged in no discussion of them in its opinion. Although additional questions were presented to us, presumably involving those errors assigned by Sudia in that court, we express no opinion thereon. If, indeed, other errors occurred at the trial, we will not assume that they will be repeated in the new trial. Dietrich claims no other errors on the part of the Court of Appeals. Therefore, the judgment is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.